IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| LE COMMODITIES, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Court No. 22-00245<br>) |
| UNITED STATES, *et al.*, | )<br>) |
| Defendants. | )<br>) |

ORDER

Upon consideration of defendant's consent motion for voluntary remand for reconsideration of the exclusion requests at issue in this case, it is hereby

ORDERED that defendant's motion is granted, and that this matter is remanded to the United States Department of Commerce for reconsideration of the 14 exclusion requests – identified by exclusion request numbers 49045, 49053, 49061, 49062, 49063, 49064, 49065, 84999, 117044, 164142, 164173, 238094, 249551; and it is further

ORDERED that Commerce shall have 150 days from the date of this order to file remand results with the Court; and it is further

ORDERED the parties shall file a joint status report stating how the parties believe this matter should proceed, and, if necessary, a proposed scheduling order (including for filing the administrative record), no later than 14 days after Commerce files the remand results.

                                                                                                       _____

                                                                                                                                     JUDGE

Dated: _____, 2023
      New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| LE COMMODITIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.          ) | Court No. 22-00245 |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

<u>DEFENDANT'S CONSENT MOTION FOR VOLUNTARY REMAND</u>

Defendant, the United States, respectfully requests that the Court stay the current deadlines in this case and remand this action to the United States Department of Commerce. Our response to the plaintiff's motion for judgment on the administrative record is currently due no later than October 12, 2023. The agency wishes to reconsider its final decisions denying the 14 exclusion requests of LE Commodities, LLC, as to the President's decision to restrict imports under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 (Section 232). If this motion is granted, Commerce intends to reconsider LE Commodities' 14 exclusion requests and, where necessary, provide

additional explanations for its decisions.  Commerce will issue a new decision either: (1) granting the requests and excluding the product from the scope of the Section 232 measure on steel imports; (2) denying the requests; or (3) some combination of both.  On October 5, 2023, counsel for defendant consulted with Erik Smithweiss, counsel for LE Commodities, who represents that the plaintiff consents to this motion.

## BACKGROUND

Pursuant to authority granted to the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products. *Adjusting Imports of Steel Into the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15, 2018).  In implementing the steel tariff, the President "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

This case involves 14 exclusion requests concerning stainless steel tubing products that LE Commodities characterizes as a type of steel used in the food and beverage processing industries. *See* Compl. ¶¶ 3-4; 7. A domestic objector, United Industries, objected to each of LE Commodities' exclusion requests. *Id.* ¶ 38. Commerce denied all 14 requests, finding that the domestic industry was capable of timely providing sufficient quality and quantities of products for which LE Commodities sought exclusions.

LE Commodities alleges that, in denying the requests, Commerce failed to "provide a sufficiently reasoned basis for each of its decisions" and did not consider record evidence. Compl. ¶¶ 9; 62, 65. In particular, LE Commodities alleges that Commerce miscalculated import delivery times. *Id.* ¶¶ 68-69; 73. LE Commodities also alleges that Commerce mishandled the exclusion process by engaging in "undocumented, *ex parte* communications" with objectors, *id.* ¶ 64.

Based on its review of this matter, including review of LE Commodities' opening brief, and without confessing error, Commerce has determined that it is appropriate and in the interest of judicial efficiency and economy to reconsider its denials. In assessing the

3

correctness of Commerce's original decision, Commerce will engage in a new and independent review of the record—consisting of the original exclusion requests, the parties' original objections, rebuttals and sur-rebuttals, and any other information that the decision-maker considers. In doing so, Commerce intends to reassess its decision, ensure that its decision addresses all record evidence (including evidence that detracts from its conclusion, if any), and provide additional reasoning, as appropriate, based on Commerce's reconsidered decision.

## ARGUMENT

Remanding this matter is appropriate. Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)). "When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Indeed, under the circumstances here, which involve weighing

competing interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith." *Id.* at 1029-30 (reversing trial court's decision to deny remand); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce's concerns are substantial and legitimate when: (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality – although an important consideration – does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005); *see also Changzhou Hawd Flooring Co., Ltd. v. United States*, 6 F. Supp. 3d 1358, 1361 (Ct.

5

Int'l Trade 2014) (indicating that Court "will deny a request that is 'frivolous or in bad faith'" (quoting *SKF*, 254 F.3d at 1029)).

Our request in this case meets that standard. First, we seek a voluntary remand for Commerce to reassess its decisions and to ensure that they appropriately address the record evidence. This constitutes a compelling justification. *Cf. Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013) ("Clarifying and correcting a potentially inaccurate determination is a compelling justification.") (citation omitted). Second, Commerce's justification is not outweighed by the need for finality. *See id.* Indeed, LE Commodities challenges Commerce's denial of its exclusion requests. *See* Compl. ¶ 27; Prayer for Relief. On remand, Commerce could grant the relief that LE Commodities seeks.[1]

---

[1] In *AM/NS Calvert LLC v. United States*, Slip op. 23-129 (Sept. 6, 2023), the Court placed a condition on its grant of Commerce's request for voluntary remand: should Commerce grant an exclusion request on remand, Commerce is directed to request that Customs & Border Protection honor the exclusion for any covered entries that were not finally liquidated by the fifth business day following Commerce's denial of any given exclusion. *Id.* at p. 43-44 & n.29. Based on our best understanding of the facts at this time (in consultation with LE Commodities' counsel), there are no finally liquidated entries potentially at issue. The United States intends, should Commerce grant an exclusion on remand, to act within the spirit of the Court's

6

Thus, "remanding for reconsideration now essentially expedites relief that [the plaintiff] seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S. Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (June 25, 2020). Should Commerce grant the requests on remand, the one-year exclusion will be retroactive to the date LE Commodities' requests for exclusion were accepted by Commerce. *See Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018). Third, the scope of the request is appropriate to the issues that have been raised. Commerce intends to reconsider all aspects of the exclusion request record and decision. Notably, this Court recently granted motions for voluntary remand in other Section 232 exclusion cases for largely the same reasons. *See AM/NS Calvert LLC et al. v. United States*, Slip op. 23-129 (Sept. 6, 2023) at p.47.

In seeking an extension of time of this length, undersigned counsel has consulted with counsel for LE Commodities, who does not

---

direction in *AM/NS Calvert*, to ensure that any relief granted is meaningful.

object to the requested 150-day length of the proposed remand. Commerce recognizes this Court's finding in *AM/NS Calvert* that 106 days, the amount of time for review provided in 15 C.F.R. Pt. 705, Supp. 1(h)(3)(i), is the presumptive maximum amount of time to complete a new determination on remand. *See* Slip op. 23-129 at p. 51-52. Commerce also has considered its limited resources, and its ongoing statutory obligations. In particular, there are currently over 13,130 pending exclusions requests before Commerce. These and other competing obligations necessitate that we seek a sufficient amount of time to ensure our remand obligations are met in each case.

In sum, a remand will foster the just, speedy, and inexpensive resolution of this case. USCIT R. 1. Remand will also conserve judicial resources on a matter that may well be mooted or resolved by the agency action in this matter. Commerce's request is thus substantial and legitimate, and the Court should grant it.

If the Court were to deny our motion, we respectfully request that the Court provide 30 days from the date of denial for the defendant to file its response brief in this matter.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this case to Commerce consistent with our proposed order.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2228
E-mail: Tara.Hogan@usdoj.gov

October 6, 2023                                    *Attorneys for Defendant United States*